UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIANNE RENOIS,

Plaintiff,

-against-

WVMF FUNDING, LLC *et al*.,

Defendants.

20cv09281 (LTS) (DF)

**MEMORANDUM
AND ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

In the above-captioned action, which has been referred to this Court for general pretrial

supervision, defendants WVMF Funding, LLC and Compu-Link Corporation d/b/a Celink

(collectively, "Defendants") have moved for a stay of discovery pending the Court's resolution

of three separate motions that Defendants have filed: (1) a motion to dismiss the Complaint

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject-matter

jurisdiction (Dkt. 25); (2) a motion to dismiss under Rule 12(b)(6) for failure to state a claim

(Dkt. 26); and (3) a motion to transfer venue to the Eastern District of New York (Dkt. 33). For

the reasons discussed below, Defendants' motion to stay discovery (Dkt. 36) is granted in part

and denied in part, in that this Court will stay discovery, but only until the resolution of

Defendants' motion to dismiss on jurisdictional grounds, pursuant to Rule 12(b)(1).

## LEGAL STANDARD

"Upon a showing of good cause[,] a district court has considerable discretion to stay

discovery" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *Republic of Turkey v.*

*Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). "In

deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess

the particular circumstances and posture of each case." *Al Thani v. Hanke*, No. 20cv4765 (JPC),

2021 WL 23312, at \*1 (S.D.N.Y. Jan. 4, 2021) (internal quotation marks and citations omitted).

In general, courts consider "the breadth of discovery sought, the burden of responding to it, the

prejudice that would result to the party opposing the stay, and the strength of the pending motion

forming the basis of the request for [a] stay." *Republic of Turkey*, 316 F. Supp. 3d at 677.

## DISCUSSION

Here, the Court finds that Defendants have shown "good cause" for a stay of discovery

pending the resolution of the Rule 12(b)(1) motion to dismiss.

First, without taking any position on how the Court will ultimately rule, it appears that

Defendants' arguments set forth in the Rule 12(b)(1) dismissal motion are colorable and raise

threshold challenges to the Court's subject-matter jurisdiction and Plaintiff's standing to bring

suit, either on her own behalf or on behalf of the decedent for whose estate she allegedly serves

as Administratrix. Moreover, it appears that this motion, if granted, would result in the dismissal

of the entire action. Both of these factors weigh in favor of a stay of discovery pending the

outcome of the jurisdictional motion. *See e.g., Boelter v. Hearst Commc'ns, Inc.,* No. 15cv3934

(AT), 2016 WL 361554, at \*5 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay discovery

where, *inter alia*, the defendant's Rule 12(b)(1) motion raised "substantial arguments"

concerning the plaintiff's lack of standing and the court's lack of jurisdiction); *U.S. v. County of*

*Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (finding that the defendant "made an adequate

showing of good cause to support the issuance of a stay" where the issues raised in its

Rule 12(b)(1) motion were "strictly one[s] of law and d[id] not involve issues relating to the

'sufficiency' of the allegations," and, secondly, the motion, if successful, would have been

"dispositive of the entire action"); *see generally Hachette Distrib., Inc. v. Hudson County News*

*Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (noting that it is appropriate to stay discovery

"when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive, such as where a challenge is directed to the Court's jurisdiction") (internal citations omitted)).

Second, the burden on Defendants of responding to discovery also weighs in favor of a stay, until the jurisdictional issue is resolved. Although Plaintiff states that she is only seeking "[r]easonably-circumscribed discovery" that focuses primarily on her interactions with Defendants concerning the reverse mortgage loan and hazard insurance at issue (Dkt. 38, at 1, 3), this Court finds, upon review, that Plaintiff's discovery requests are far broader in scope. Plaintiff has, in fact, served Defendants with an extensive set of document requests (*see* Dkt. 38-2), seeking information that not only pertains to Plaintiff's or the decedent's communications with Defendants over a three-year period, but also seeks information concerning *any* governmental investigations or actions that have ever been brought against Defendants concerning the insurance at issue, as well as *any* communications between Defendants concerning *any* mortgage loans that those two providers have serviced. The adjudication of the pending Rule 12(b)(1) motion might avoid the need for such costly and time-consuming discovery. *See Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Finally, beyond Plaintiff's conclusory assertion in her opposition that a stay of discovery would be "inefficient and prejudicial" (Dkt. 38, at 2), there is no indication in the record that she would suffer any specific harm if discovery were temporarily delayed pending the Court's resolution of the Rule 12(b)(1) motion, which already has been fully briefed (*see* Dkts. 25, 40, 58). *See Johnson*, 205 F.R.D. at 434. Thus, this Court does not find that the delay caused by such a temporary stay would unfairly prejudice Plaintiff.

For all of these reasons, a stay of discovery pending the resolution of Defendants' jurisdictional motion is warranted.

On the other hand, taken as a whole, the relevant factors do not similarly weigh in favor of staying discovery pending resolution of Defendants' Rule 12(b)(6) and venue motions. Although these two motions reiterate Defendants' contention that Plaintiff lacks standing to bring suit, they principally rest on independent grounds, and neither motion would be necessarily case-dispositive, if granted. Specifically, while Defendants' Rule 12(b)(6) motion (Dkt. 26) challenges the adequacy of certain factual allegations in Plaintiff's Complaint (*see, e.g.*, *id.*, at 8 (stating that "the allegations on which the RESPA claims are based are conclusory and unsupported by fact"); 16 ("Plaintiff fails to show that Defendants engaged in a deceptive business practice that caused her actual injury")), any defects in these allegations may be capable of being remedied by amendment. Further, Defendants' venue motion (Dkt. 33), if successful, would merely lead to a transfer of this matter to a different district, which would certainly not end the case and thereby obviate the need for discovery, *see Technograph, Inc. v. Texas Instruments Inc.*, 43 F.R.D. 416, 417 (S.D.N.Y. 1967) (denying the defendant's request to defer discovery where its pending motion to transfer was "concerned solely with the question of which court will determine the merits"). The additional factors relevant to whether a stay should be granted, including the burden posed by discovery and the possible prejudice resulting from delay, do not sufficiently tilt the balance to justify a stay of the scope or duration sought by Defendants.

## **CONCLUSION**

For all of the foregoing reasons, Defendants' motion for a discovery stay (Dkt. 36) is granted to the extent that this Court will stay all discovery in this action pending the resolution of Defendants' jurisdictional motion, but the request for any broader stay is denied.

In light of this ruling, the Clerk of Court is directed to close Dkt. 36 on the Docket of this action.

Dated: New York, New York
       April 30, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)