**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
MARIANNE RENOIS AS ADMINISTRATOR,
FIDUCIARY AND BENEFICIARY OF AND FOR
THE ESTATE OF ELLIS DEANGELO, on behalf of
herself and all others similarly situated, MYRTEEN LEE,
TAUNA THOMPSON,

                              Plaintiffs,

                -against-

WVMF FUNDING, LLC, and COMPU-LINK
CORPORATION D/B/A CELINK,

                             Defendants.
-------------------------------------------------------------------X

**20-CV-9281 (LTS) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Defendants WVMF Funding, LLC and Compu-Link Corporation seek to bifurcate discovery, such that the parties would engage in a short period of discovery now limited to the issue of the notice provided by Plaintiffs to Defendants concerning the existence of hazard insurance on property subject to a mortgage, and following that limited discovery, Defendants would move for summary judgment on Plaintiffs' claims for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(k) and (l). See ECF No. 90. Plaintiffs oppose the request to bifurcate merits discovery from class-action discovery. See ECF No. 91. The Court held two conferences to discuss the issue of bifurcation. See ECF No. 102 (July 10, 2024 Tr.); ECF No. 107 (Oct. 23, 2024 Tr.). At the conference on October 23, 2024, the Court explained the relevant legal standard for a motion to bifurcate discovery, familiarity with which is presumed here. See ECF No. 107 at 6-7.

      Defendants have not shown good cause for bifurcating discovery, which as the Court explained during the conference is the exception in this Circuit. Whether Plaintiffs in this case

sent a RESPA-compliant notice concerning the existence of hazard insurance on the property is an issue that does not solely concern the named Plaintiffs. The sufficiency of the notice sent by a borrower to Defendants will arise for every borrower in the class; it is a class-wide issue. Given the overlap, bifurcating discovery will only unnecessarily delay the case. "[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes." Hines v. Overstock.com, Inc., 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) (denying bifurcation where defendant "made no showing that discovery relating to class certification is entirely distinct from, and not enmeshed with, discovery relating to class certification"). Moreover, although Defendants contend that the sufficiency of Plaintiff's notice is dispositive of the claims alleged in the amended complaint, Plaintiffs contend that there is a threshold issue as to whether a borrower even had an obligation under RESPA to provide notice to Defendants. As such, it is not apparent that a summary judgment motion on the sufficiency of Plaintiffs' notice to Defendants will dispose of the entire case. See Hall-Landers v. New York Univ., 2023 WL 8113243, at *3, 5 (S.D.N.Y. Nov. 22, 2023) (explaining that bifurcation may be appropriate "where resolution of a preliminary matter may decide the entire case" such as the threshold jurisdictional question in that case).

In short, bifurcating discovery risks additional unnecessary delay in a case that has already been pending almost four years. For these reasons, Defendants' letter motion, seeking bifurcated discovery, is denied.

**SO ORDERED.**

DATED:   New York, New York
         November 1, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge