UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIANNE RENOIS AS ADMINISTRATOR,
FIDUCIARY AND BENEFICIARY OF AND FOR
THE ESTATE OF ELLIS DEANGELO, on behalf of
herself and all others similarly situated, et al.,

                                    Plaintiffs,

                    -against-

WVMF FUNDING, LLC, and COMPU-LINK
CORPORATION D/B/A CELINK,

                                  Defendants.
-------------------------------------------------------------------X

**20-CV-9281 (LTS) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

       On March 6, 2025, Plaintiff filed a motion to compel and attached certain redacted exhibits that Plaintiff sought to file under seal. ECF No. 128; ECF No. 128-1, 128-2, 128-6, 128-7. On March 10, 2025, the Court directed Plaintiff to file a motion to seal with unredacted copies of the documents for the Court's consideration. ECF No. 129. On March 17, 2025, Plaintiff filed a motion to seal, indicating that sealing was appropriate because Defendant Compu-Link Corporation d/b/a/ Celink designated the documents as confidential under the applicable protective order. ECF No. 132.

       A party seeking to seal a document must provide a redacted copy for the public docket and an unredacted copy to seal. Plaintiff has not provided an unredacted copy to the Court, either on ECF or via e-mail. Further, in order to seal a document, the party moving to seal must make a showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). A designation of a document as confidential under a protective order, by itself, is not sufficient to permanently seal a document. See, e.g., Douglas v. City of Peekskill, No. 21-CV-10644 (KMK) (VR), 2024 WL 3597036, at *3 (S.D.N.Y. July 30, 2024) ("Courts in this Circuit have recognized that a Court's decision to seal documents does not depend solely on their designation under the parties' protective order, but also on the Court's independent assessment of competing interests."); Dandong v. Pinnacle Performance Ltd., No. 10-CV-8086 (JMF), 2012 WL 6217646,

at *2 ("Consent of the parties [in a Protective Order or Confidentiality Order] is not a valid basis to justify sealing, as 'the rights involved are the rights of the public.'") (quoting Vasquez v. City of N.Y., No. 10-CV-6277 (LBS), 2012 WL 4377774, at *3 (S.D.N.Y. Sept. 24, 2012)).

To the extent Celink wishes to keep the information in Exhibits A, B, F, and G under seal (see ECF No. 128-1, 128-2, 128-6, 128-7), it is directed to file a motion to seal, with the showing necessary under Lugosch, 435 F.3d 110 to obtain sealing, by **Monday, March 31, 2025**. Celink is further directed to file redacted and unredacted copies of the relevant documents with its motion. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 132.

**SO ORDERED.**

DATED:   New York, New York
         March 19, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge