# TUSA P.C.
### ATTORNEYS AND COUNSELORS AT LAW
www.tpcnylaw.com

Southold
New York City

---

**Joseph S. Tusa**
Attorney at Law
joseph.tusapc@gmail.com

May 12, 2025

**BY ECF**

Honorable Laura T. Swain, C.J.
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Re:   *Renois v. WVMF Funding, LLC.*, SDNY Case No. 20-cv-9281-LTS-DCF

Dear Chief Judge Swain:

We represent Plaintiffs in this putative class action alleging the unlawful imposition of forced placed insurance on seniors with reverse mortgages. On May 2, 2025, while discovery remains ongoing, Defendants filed a motion for summary judgment. Dkts. 144, 145. That motion also precedes Plaintiffs' motion for class certification, which will be filed when fact and expert discovery is substantially completed. Plaintiffs now move this Court to strike Defendants' summary judgment motion, without prejudice, as premature.[1] Alternatively, Plaintiffs move the Court to enter a briefing schedule adjourning Plaintiffs' response to Defendants' summary judgment motion until 45-days after fact and expert discovery is completed.

Plaintiffs' counsel conferred with Defendants' counsel today after disclosing Plaintiffs' positions. Defendants oppose the denial of their summary judgment motion, without prejudice, but not oppose adjourning Plaintiffs' response to the motion until after Plaintiffs can schedule and depose Defendants' recently-disclosed expert.

## Background

Plaintiff Renois filed a *Class Action Complaint* on November 5, 2020, which was amended to add Plaintiffs Lee and Thomson. Dkts. 1, 96. In March 2024, this Court resolved Defendants' dismissal motions, permitting Plaintiffs' claims under RESPA, state consumer deceptive practices and for breach of contract to proceed. Dkt. 74. Discovery commenced shortly thereafter, has been delayed by motion practice (*see* Dkts. 110, 147), and remains ongoing, under the supervision of Magistrate Judge Figueredo.

---

[1] Defendants' motion should also be stricken because they did not confer with Plaintiffs prior to filing the motion, or file the Certification required by Your Honor's Individual Practice A.2.b.

**Summary Judgment Should Await Resolution of Class Certification**

       In this Circuit, while the Courts retain discretion over the sequence of motions, the general practice in class actions is to resolve motions for class certification prior to motions for summary judgment. The reason being that after years of litigation, and especially after dismissal motions are denied and the pleadings are sustained, summary judgment motions that resolve only the named plaintiffs' claims are inefficient. *See Philip Morris Cos. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000) ("it is difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits.") (quoting *Bieneman v. Chicago*, 838 F.2d 962, 964 (7th Cir. 1988)); *Ddmb, Inc. v. Visa, Inc.*, No. 05-md-1720(MKB), 2021 U.S. Dist. LEXIS 249783, at *143 (E.D.N.Y. Sep. 27, 2021) ("Accordingly, courts within the Second Circuit and other circuit courts have held that 'in general, issues relating to class certification should be decided before a decision on the merits is rendered.'") (citations omitted); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 80 F. Supp. 3d 535, 543 (S.D.N.Y. 2015) (same); *In re Cablevision Consumer Litig.*, No. 10-cv-4992 (JS) (AKT), 2014 U.S. Dist. LEXIS 44983, at *48 (E.D.N.Y. Mar. 31, 2014) (same); *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 335 (S.D.N.Y. 2009) ("A Court's decision on the merits should not ordinarily occur before or simultaneous with a decision on class certification.") (citations omitted); *accord Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 299, n.7 (1st Cir. 2000) (deciding summary judgment before class certification "raises serious questions") (citing 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §7.15, at 7-48 to -59 (3d ed. 1992) as generally endorsing contrary approach).

       Defendants' summary judgment motion should be stricken, without prejudice, with the right to re-file the motion after this Court resolves Plaintiffs' forthcoming motion for class certification.

**Defendants' Summary Judgment Motion is Premature While Discovery is Ongoing**

       During a May 6, 2025 hearing and in the resulting Order that resolved the parties' pending discovery motions, Magistrate Judge Figueredo denied Defendants' motion to prevent three (and possibly a fourth) deposition witnesses noticed by Plaintiffs, compelled Defendants to produce additional loan data about Plaintiffs and the Class charged forced placed insurance, established a protocol to eventually resolve Defendants' delayed production of email discovery, and reserved decision on other pending discovery issues. Dkt. 147 (Order); 5/6/25 Minute Order. Plaintiffs informed Magistrate Judge Figueredo during that hearing that depending on resolution of ongoing negotiations concerning other discovery requests and objections further discovery motion practice may be filed. As a result, Judge Figueredo adjourned the fact discovery deadline from May 20, 2025 to a future date to be determined after the parties confer and submit their positions. A hearing date of June 25, 2025 was set to resolve remaining discovery disputes. Dkt. 147.

       Much of the discovery yet-to-be produced affects the Plaintiffs' claims, along with the Class's claims, further rendering Defendants' summary judgment motion premature and prejudicial to Plaintiffs. That ongoing discovery includes depositions about the software and loan databases used by defendant Compu-Link Corporation d/b/a Celink and its forced placed insurance vendors to track Plaintiffs' insurance coverage, why Defendants did not adhere to their own policies to research Plaintiffs' insurance coverage before imposing forced placed insurance, why Celink and its vendors did not retain or produce certain communications with Plaintiffs, and the additional profits earned by Celink and its vendors from imposing forced placed insurance on Plaintiffs. Among the outstanding ESI discovery to be produced are thousands (and maybe tens of thousands) of email about Defendants' treatment of Plaintiffs, Celink's forced placed insurance practices and reporting, borrower complaints and communications from insurance carriers. Additional party and non-party discovery to confirm the existence of Plaintiffs' and Class members' insurance coverage also remains outstanding.

      After fact discovery is completed, the Court's scheduling orders permit a period of time for the parties to complete expert discovery. *See* Dkt. 131. Defendants' summary judgment motion is accompanied by a report from a recently-disclosed expert. Not only do Plaintiffs require additional time to schedule and depose that expert, but they would be prejudiced if not afforded the time permitted by the Court's scheduling orders to complete their own expert disclosure and discovery.

      The federal rules contemplate discovery being largely completed prior to summary judgment motions. *See* FED. R. CIV. P. 56(d) (formerly codified as Rule 56(f));[2] *Commer. Cleaning Servs. v. Colin Serv. Sys.*, 271 F.3d 374, 386 (2d Cir. 2001)("Similarly, FED. R. CIV. P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion."). Defendants should not be permitted to move for summary judgment until discovery is substantially completed. *See Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."); *Bekker v. Neuberger Berman Grp. LLC*, No. 16-cv-6123-LTS-BCM, 2018 U.S. Dist. LEXIS 166690, at *29-30 (S.D.N.Y. Sep. 27, 2018) ("Rule 56(d) 'was designed to afford a non-moving party with a fair opportunity to engage in discovery before having to oppose a summary judgment motion.'") (citation omitted) (Swain, J.).

      Defendants' motion is also premature because a motion to dismiss Count II of Plaintiffs' operative complaint (under New York Real Property Law §280-b) remains fully submitted and pending. *See* Dkts. 82, 83, 85. Instead of awaiting the Court's decision on that motion, Defendants' summary judgment motion repeats the same opposed arguments that are *sub judice* and that may be mooted by the Court's decision. *Compare* Dkt. 83 *with* Dkt. 145 at 25.

      Defendants' summary judgment motion is premature while discovery and dismissal motion practice remains ongoing and before Plaintiffs' motion for class certification is decided. As a result, Defendants' summary judgment motion should be denied, without prejudice, until discovery is completed and class certification is resolved. If not denied or stricken, Plaintiffs request an adjournment of their deadline under Local Rule 6.1 to respond to the motion comprising 45 after fact and expert discovery is completed.

                                                                   Respectfully yours,

                                                                     Joseph S. Tusa

                                                                       **GISKAN SOLOTAROFF**
                                                                        **& ANDERSON P.C.**
                                                                        Catherine Anderson
                                                                        Oren Giskan

---

[2] Plaintiffs' Rule 56(d) motion can suffice for the "affidavit or declaration" referenced in the Rule. *See Curry v. P&G Auditors & Consultants, LLC,* No. 20 cv 6985 LTS SLC, 2021 U.S. Dist. LEXIS 149402, at *15, n.5 (S.D.N.Y. Aug. 9, 2021) (Swain, C.J.). Nevertheless, if requested, Plaintiffs' counsel will submit a declaration.

**TUSA P.C.**

**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
Roger Heller (*pro hac vice*)
Avery Halfon

cc:   Counsel of Record (by ECF Filing)


The foregoing request is granted.  Defendants' motion for summary judgment is denied as premature and non-compliant with the individual rules and practices of the undersigned.  This denial is without prejudice to renewal after discovery and in compliance with all pertinent rules.  This resolves docket entry nos. 144 and 151.  SO ORDERED.

/s/ Laura Taylor Swain, Chief U.S.D.J.
Dated:  May 15, 2025