UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIANNE RENOIS AS ADMINISTRATOR, FIDUCIARY AND BENEFICIARY OF AND FOR THE ESTATE OF ELLIS DEANGELO, MYRTEEN LEE and TAUNA THOMPSON on behalf of themselves and all others similarly situated,

     Plaintiffs,

-against-

WVMF FUNDING, LLC, and COMPU-LINK CORPORATION D/B/A CELINK,

     Defendants.

No. 20-CV-9281-LTS-VF

## MEMORANDUM ORDER

  Marianne Renois, "as administrator, fiduciary and beneficiary of and for the Estate of Ellis DeAngelo" ("Renois"), Myrteen Lee ("Lee"), and Tauna Thompson ("Thompson") (collectively, "Plaintiffs") bring this proposed class action (the "Action") against WVMF Funding, LLC ("WVMF") and Compu-Link Corporation ("Celink," and, with WVMF, the "Defendants"), asserting claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(k) and (l), and its implementing regulation, RESPA Regulation X, 12 C.F.R. § 1024.37 ("Count One"), and of New York Real Property Law ("N.Y. R.P.L.") § 280-b ("Count Two"), for breach of contract "by reason of the contract's express terms" ("Count Three"), for violations of New York General Business Law ("N.Y. G.B.L.") § 349 ("Count Four"), and, with respect to Thompson and all others similar situated, violations California's Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1770(a), ("Count Five"), California's Business and Professions Code, CAL. BUS. & PROF. CODE § 17200 et seq. ("Count Six"), and for violation of the rights of out-of-state, to-be-named plaintiffs under the consumer

protection laws of other states ("Count Seven"). (Docket entry no. 96 (the "Second Amended Complaint" or "SAC").) The Court has subject matter jurisdiction of this action under 28 U.S.C. sections 1331 and 1367.

Pending before the Court is the Defendants' objection (docket entry no. 114), pursuant to Rule 72 of the Federal Rules of Civil Procedure, to Magistrate Judge Figueredo's November 1, 2024 Order (docket entry no. 110 (the "Order")) denying Defendants' motion to bifurcate merits discovery from class discovery (docket entry no. 90). The Court has considered the parties' submission carefully and, for the following reasons, overrules the objection.

BACKGROUND

The general factual allegations underlying this case are set forth in the Court's March 27, 2024 Memorandum Opinion and Order (docket entry no. 74 (the "March Opinion")) and the Court's June 24, 2025 Memorandum Order (docket entry no. 164 ("June Opinion")), familiarity with which is presumed for the purposes of this motion. The factual background relevant to the instant motion practice is described below.

Plaintiffs bring this putative class action for injuries "caused to borrowers of reverse mortgages and Home Equity Conversion Mortgages" ("HECMs") upon whom, they assert, Defendants erroneously imposed force-placed insurance and charged related costs and fees, despite either providing such consumers inadequate notice of their intention to do so and/or having already received adequate notice from borrowers regarding pre-existing hazard insurance policies on the mortgaged properties. (See SAC ¶ 2.) The Second Amended Complaint defines three proposed classes. The main class includes, "[a]ll borrowers, and heirs and estates of borrowers, who had an HECM or reverse mortgage loan serviced or subserviced by Celink since December 21, 2015, and for whom Celink failed to timely refund or credit back force-placed

insurance and related fees, charges, penalties, interest or mortgage insurance premiums." (Id. ¶ 84(a) (the "Class").)  The two proposed subclasses included New York and California subclasses for all class members where the home secured by the mortgage was or is located in either New York or California, respectively.  (Id. ¶ 84(b)-(c).)  Subject to certain exclusions, Plaintiffs estimate that the classes comprise thousands of individuals whose identities can be readily ascertained from Defendants' records.  (Id. ¶¶ 85-86.)

On March 27, 2024, the Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint, and granted Plaintiffs leave to amend Count II of the Complaint.  Plaintiffs subsequently amended the Complaint twice, and Defendants moved to dismiss the amended Count II of the Second Amended Complaint on May 10, 2024.  (Docket entry no. 82.)  On June 24, 2025, the Court issued a separate Memorandum Order dismissing with prejudice part of the amended Count II, but also finding that Plaintiffs plausibly stated a claim for relief under N.Y. R.P.L. § 280-b(4) because Plaintiffs plausibly alleged that Defendants failed to provide the proper notice on borrowers' periodic account statements as required under New York state law.  (June Opinion.)

On June 4, 2024, Defendants moved before Judge Figueredo to bifurcate merits and class discovery, and Plaintiffs opposed.  (Docket entry nos. 90, 91.)  Judge Figueredo held two conferences to address the motion, on July 10, 2024, and October 23, 2024.  (See docket entry nos. 102 ("July Conf Tr."), 107 ("Oct. Conf. Tr.").)  On November 1, 2024, Judge Figueredo issued an order denying the bifurcation motion.  (Order.)  Defendants timely objected. (Docket entry no. 115.)

DISCUSSION

A party may file with a district judge an objection to an order issued by a magistrate judge within 14 days of service of a copy of that order. Fed. R. Civ. P. 72(a). The district judge shall not disturb the order unless such "order is clearly erroneous or contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A) (Westlaw through P.L. 119-18). A ruling is "clearly erroneous where on the entire evidence, the [district court] is left with the definite and firm conviction that a mistake has been committed." Equal Emp't Opp. Comm'n v. Teamsters Loc. 804, No. 04-CV-2409-LTS, 2006 WL 44023, at *1 (S.D.N.Y. Jan. 9, 2006) (internal quotation marks and citations omitted). An order is considered to be "'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (citation omitted). The fact that "reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." Edmonds v. Seavey, No. 08-CV-5646-HB, 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (internal quotation marks and citation omitted). "[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).

Rule 26 of the Federal Rules of Civil Procedure allows courts considerable discretion "to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide an entire case." Hall-Landers v. N.Y.U., No. 20-CV-3250-GBD-SLC, 2023 WL 8113243, at *3 (S.D.N.Y. Nov. 22, 2023) (citation omitted). A party moving to stay discovery has the burden under Rule 26(c) of demonstrating good cause for such

bifurcation.  Id.  "In the context of putative class actions, good cause may be found 'where the resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary[,]' or where 'a narrow, potentially dispositive issue' that is 'totally distinct from class issues' has the potential to render the named plaintiff's claims non-actionable."  Id. (citation omitted).

        Defendants argue that merits discovery should be bifurcated from class discovery because, they assert, discovery into the actual notice that Plaintiffs provided to Celink to demonstrate that they had and maintained hazard insurance on the mortgaged properties may show that such notice was insufficient under the parties' HECM contracts and, thus, that Defendants violated no provisions of RESPA by reasonably force-placing hazard insurance on the properties.  (Docket entry no. 115 ("Def. Mem.") at 7-9.)  Defendants argue that Plaintiffs' breach of contract, N.Y. G.BL., and California Consumer Act claims are all premised on a finding that Defendants' placement of hazard insurance on the properties violated RESPA.  (See Oct. Conf. Tr. at 12-13.)  Therefore, Defendants argue, such discovery may dispose of all claims in the action except for Count II, which, at the time of briefing, they argued would be dismissed for failure to state a claim pursuant to the pending motion to dismiss.  (Id.)

        Judge Figueredo found that Defendants failed to show good cause because the issue regarding the sufficiency of Plaintiffs' notice is a class-wide issue that will arise "for every borrower in the class."  (Order at 2.)  Judge Figueredo noted, "where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."  (Id. (quoting Hines v. Overstock.com, Inc., No. 09-CV-991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) (denying bifurcation where defendant "made no showing that discovery relating to class certification is entirely distinct

from, and not enmeshed with, discovery relating to class certification")).) Additionally, Judge Figueredo found that, contrary to Defendants' arguments, "it is not apparent that a summary judgment motion on the sufficiency of Plaintiffs' notice to Defendants will dispose of the entire case." (Id.)

Defendants now argue that the Order should be overruled because Judge Figueredo misunderstood the central legal and factual issues at issue in this case. (Def. Mem. at 4-9.) Defendants argue that Plaintiffs' obligation to provide notice of their fulfillment of their contractual obligation to maintain hazard insurance on the properties is an antecedent issue to Defendants' proper notice of the force-placed insurance. (Id. at 6.) Put another way, RESPA simply requires that Defendants, as the loan servicers, "have a reasonable basis to purchase lender-placed insurance," which Defendants assert is "satisfied as a matter of law when servicers send RESPA-compliant notices to borrowers and borrowers fail to respond with RESPA-compliant proof of insurance." (Id. at 2-3 (emphasis added); see also id. at 7-8 (quoting 12 C.F.R. § 1024.37(b)).)

Setting aside the disputed factual issue of whether Defendants sent RESPA-compliant notices to borrowers in the first instance, Defendants admit that their argument does not apply to Count II of the Second Amended Complaint, which asserts that Defendants violated § 280-b(4) of the N.Y. R.P.L. by failing to provide adequate notice of fees to New York borrowers. (See Oct. Conf. Tr. at 12.) Defendants present no argument, and the Court sees no logical basis to find, that limited discovery into the sufficiency of Plaintiffs' notice to Defendants would have any bearing on Count II of the SAC, which alleges that Defendants failed to include proper notice in the periodic account statements sent to borrowers, indicating that the fees for such force-placed insurance were being paid by the proceeds of the borrower's mortgage. (See

SAC ¶¶ 141-42.)  That Count would survive regardless of any summary judgment motion on the sufficiency of Plaintiffs' notice.  Therefore, the Court cannot find the Order to be "contrary to law" on the basis of Judge Figueredo's finding that it was "not apparent" that a summary judgment motion on the sufficiency of Plaintiffs' notice to Defendants will dispose of the entire case.

Because the Court finds no clear error of fact or law in the Order, the Court overrules Defendants' Rule 72 objection.

## Conclusion

For the foregoing reasons, Defendant's Rule 72 objection to Magistrate Judge Figueredo's November 1, 2024 Order denying Defendant's motion to bifurcate class and merits discovery is overruled.  This Memorandum Order resolves docket entry no. 115.

SO ORDERED.

Dated: New York, New York
       June 24, 2025

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge