Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

**Joseph M. DeFazio**
D 212.704.6341
joseph.defazio@troutman.com

March 13, 2026

**VIA ECF FILING**

Honorable Valerie Figueredo, U.S.M.J.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: March 30, 2026**

The motion to seal is GRANTED. The parties are directed to file a joint letter publicly on the docket by **April 6, 2026**, listing which documents may be unsealed in their entirety, and for the documents that require redactions, attaching the exhibits with the necessary redactions applied, including the redactions noted by Plaintiff at ECF No. 204 and removing those in the chart proposed by Defendant at ECF No. 205-1. The Clerk of Court is directed to close the motion at ECF No. 198.

**Re:    *Marianne Renois, as Administrator, Fiduciary, and Beneficiary of and for the Estate of Ellis DeAngelo v. WVMF Funding, LLC, et al.,* Case No.: 1:20-cv-09281-LTS-VF Defendants' Response to March 9, 2026 Order (DE 203)**

Dear Judge Figueredo:

Defendants WVMF Funding, LLC and Compu-Link Corporation d/b/a Celink (the "Defendants") respectfully submit this letter in response to the Court's March 9, 2026, Order (DE 203).

The sealed and redacted exhibits submitted by Plaintiffs in support of Plaintiffs' Motion to Certify Class (DE 195) fall into three (3) categories. The first category ("**Category 1**") consists of certain portions of the text of Plaintiffs' Memorandum of Law in Support of their Motion for Class Certification (DE 196), the expert report of Plaintiffs' retained expert (Arthur Olsen) (Exhibit 1), and excerpts of the December 10, 2024, 30(b)(6) deposition transcript of Celink corporate representative Jorie Kelly (Exhibit 3). The second category ("**Category 2**") consists of sub-servicing agreements between Celink and various master servicers of reverse mortgage loans sub-serviced by Celink (Exhibits 6-9), internal Policy Detail printouts for each of the Plaintiffs from Proctor Loan Protector's Easy Track system (Exhibits 14-16), internal Celink and Proctor Loan Protector policies and procedures (Exhibits 12, 18, 19) and the master services agreement between Celink and Proctor Loan Protector (Exhibit 20). The third category ("**Category 3**") consists of Celink Monthly Reverse Mortgage Statements for Plaintiffs (Exhibits 24-25, 27-28, 31-33, 35, and 40), notices of forced place insurance cancellation sent by Celink to each of the Plaintiffs (Exhibits 26, 34 and 41), and an insurance renewal notification for Plaintiff Thompson (Exhibit 42).

### *Defendants' Position on Continued Sealing and Redacting of Category 1 Documents*

In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including

troutman
pepper locke

the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotations omitted). Documents may be ordered sealed where they are "sources of business information that might harm a litigant's competitive standing." *In re Parmalat Securities Litigation*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). Similarly, documents containing personal information, such as home addresses, account numbers, and financial information, may raise significant privacy concerns warranting sealing. *See Roche Freedman LLP v. Cyrulink*, No. 21-CV-01766, 2023 U.S. Dist. LEXIS 156510, $3-4 (S.D.N.Y. Sept. 5, 2023) (sealing home addresses, account numbers, personal email addresses). The facts and circumstances here support keeping redacted portions of the Category 1 documents under seal.

Plaintiffs' Memorandum of Law in Support of Motion for Class Certification, as well as the deposition of Celink's Rule 30(b)(6) witness include redactions that encompass information concerning the number of loans and the amounts associated with Celink's purchase of force-placed insurance policies, along with quotations and summaries of the contents of the subservicing agreements and internal systems, policies, and procedures encompassed in Category 2. For the reasons set forth below with respect to the expert report of Arthur Olsen and with respect to Category 2, this information should remain under seal.

With respect to the expert report of Plaintiffs' retained expert witness, Arthur Olsen, the total amount of force-placed insurance policies placed by Celink and the total number of loans or properties for which force-placed insurance was assessed by Celink, the number of force-placed insurance policies purchased by Celink, and all financial information associated with Celink's purchase of force-placed insurance policies should remain redacted, as this constitutes confidential and proprietary information concerning Celink's internal business practices. Additionally, Exhibits C and D to the expert report of Arthur Olsen (which were submitted to the Court in native Excel format) contain individual loan-level data concerning the loans and force-placed insurance policies reviewed by Mr. Olsen. As these documents consist almost entirely of confidential borrower loan information (specifically, information about force-placed insurance that Celink purchased for those loans), they should remain under seal in their entirety.

In an effort to keep redactions narrowly tailored, attached hereto is a chart showing those portions of the redactions in Category 1 documents that Celink agrees may be unsealed.

### *Defendants' Position on Continued Sealing and Redacting of Category 2 Documents*

The facts and circumstances here support keeping the Category 2 documents (as well as those portions of Category 1 documents that quote or summarize Category 2 documents) under seal. Courts recognize the confidentiality of a litigant's business information as a "competing consideration" that can merit sealing. For example, in *Mark v. Gawker Media LLC*, the Court found "the privacy interests in ... Gawker's confidential business information to be 'competing considerations' sufficient to reject the common-law presumption of access." No. 13-4347-AJN, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (affirming district

troutman
pepper locke

court sealing order premised on a conclusion "that NASD's interest in protecting confidential business information outweighs the qualified First Amendment presumption of access").

Category 2 documents consist of confidential and proprietary business agreements between Celink and various entities (DE 200-3, DE 200-4, DE 200-5, DE 200-6, DE 200-13), internal Celink policies and procedures (DE 200-7, DE 200-11, DE 200-12), and internal Policy Detail printouts for each of the Plaintiffs from Proctor Loan Protector's Easy Track system (DE 200-8, DE 200-9, and DE 200-10). Courts routinely seal these types of documents. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, 347 Fed. Appx. 615, 617 (2d Cir. 2009) (finding the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning … marketing strategies, product development, costs, and budgeting."); *Encyclopedia Brown Productions. Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 612-613 (S.D.N.Y. 1998) (withholding from disclosure confidential business information that would harm defendants' competitive position); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal because of "assertion that its competitors who do not now have this information could use it to do [the disclosing party] competitive injury."). "[T]he privacy interests of third parties" is also a recognized protected category of information in the Second Circuit. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 118 (2d Cir. 2006).

The information in the Category 2 Documents constitutes confidential business information regarding Defendants' internal operations and procedures that, if publicly disclosed, would harm Defendants' competitive position and their business relationships with clients (including contractual confidentiality commitments to them). Accordingly, Defendants respectfully request that the Category 2 Documents remain under seal.

### *Defendants' Position on Continued Sealing and Redacting of Category 3 Documents*

Defendants have no objection to the unsealing of and removal of redactions from each of the Category 3 documents that have been submitted by Plaintiffs under seal, except to the extent redaction is necessary to comply with Federal Rule of Civil Procedure 5.2 and applicable ECF Case Filing Rules governing the redaction of personally identifying information. These documents consist of: DE 200-14 (Exhibit 24), 200-15 (Exhibit 25), DE 200-17 (Exhibit 27), DE 200-18 (Exhibit 28), DE 200-19 (Exhibit 31), DE 200-20 (Exhibit 32), DE 200-21 (Exhibit 33), DE 200-23 (Exhibit 35), DE 200-24 (Exhibit 40), DE 200-16 (Exhibit 26), DE 200-22 (Exhibit 34), DE 200-25 (Exhibit 41), and DE 200-26 (Exhibit 42).

Respectfully submitted,

By */s/Joseph M. DeFazio*
Joseph M. DeFazio, Esq.

**ATTACHMENT TO LETTER RESPONSE**
**TO MARCH 9, 2026 ORDER**

| Document | Page# | To be Unsealed |
|---|---|---|
| Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification | 7 | "of never refunding the accrued interest and MIP on FPI premiums …" to the end of the page. |
| | 8 | "But Celink never refunds the interest and MIP accrued on refunded FPI premiums." |
| | 11 | "on the March, April, June, July, and August 2020 HECM loan statements." |
| | 18 | "never refund accrued interest and MIP on refunded FPI premiums" |
| Exhibit 1: Expert Report of Arthur Olsen | 12 | footnote 8 – "Celink did not refund these interest or MIP amounts." |
| Exhibit 3: Rule 30(b)(6) Deposition of Jorie Kelly | 54 | lines 1 through 13 |
| | 59 | lines 18 through page 60 line 18 |
| | 64 | lines 13 – 25 |

1

326492179v1