Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

troutman pepper locke

**Joseph M. DeFazio**
D 212.704.6341
joseph.defazio@troutman.com

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE Dated: July 17, 2026

Plaintiffs' opposition to the motion to exclude is due **September 18, 2026**, and Defendants' reply is due **October 2, 2026**. Plaintiffs' opposition to the motion for summary judgment is due **October 16, 2026**, and Defendants' reply is due **November 13, 2026**. There are no enlargements of the word limits. The Clerk of Court is respectfully directed to close the motion at ECF No. 222.

July 15, 2026

**VIA ECF FILING**

Honorable Laura Taylor Swain
Chief United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re:** ***Renois et al. v. WVMF Funding, LLC, et al.*, No. 1:20-cv-09281 (LTS)(VF)**
**Defendants' Letter Motion for Entry of Proposed Briefing Schedule**

Dear Chief Judge Swain:

Defendants WVMF Funding, LLC and Compu-Link Corporation d/b/a Celink ("Defendants"), by and through their undersigned counsel, respectfully submit this letter motion pursuant to the Court's Individual Practices and Local Civil Rule 37.2, requesting that the Court so-order Defendants' proposed briefing schedule for Plaintiffs' oppositions to Defendants' Motion for Summary Judgment (ECF 213) and Motion to Exclude Plaintiffs' Expert Arthur Olsen (ECF 216). This application is made after a good-faith meet-and-confer with Plaintiffs' counsel failed to resolve the parties' dispute over the appropriate schedule.

Defendants note that certain pretrial matters in this case have been referred to the Honorable Magistrate Judge Valerie Figueredo, including defendants' pending Daubert motion. To the extent the Court deems appropriate, Defendants respectfully request that this application be directed to whichever judicial officer has authority over the scheduling of dispositive-motion briefing in this action.

## I. CASE BACKGROUND

This is a putative class action concerning reverse mortgage servicing. Plaintiff Marianne Renois (as Administrator, Fiduciary, and Personal Representative of the Estate of Ellis DeAngelo) filed the original Class Action Complaint on November 5, 2020. (ECF 1.) An Amended Complaint

followed on April 17, 2024. (ECF 75.) All Plaintiffs—Marianne Renois, Myrteen Lee, and Tauna Thompson, on behalf of themselves and all others similarly situated—filed the operative Second Amended Class Action Complaint on August 14, 2024. (ECF 96.)

Fact discovery closed on December 29, 2025. (ECF 176.) Expert discovery closed on April 24, 2026. (ECF 194.) The discovery period spanned years, and the record in this case is now fully developed.

On June 25, 2026, Defendants filed and served their Motion for Summary Judgment. (ECF 213.) The following day, June 26, 2026, Defendants filed their Motion to Exclude Plaintiffs' Expert Arthur Olsen. (ECF 216.) Both motions are ripe for opposition briefing.

## II. THE PARTIES' MEET-AND-CONFER EFFORTS

Following the filing of Defendants' motions, the parties engaged in good-faith discussions to reach a stipulated briefing schedule. Defendants proposed, and circulated a draft stipulation providing, that: (1) Plaintiffs' opposition to the Motion to Exclude would be due on or before August 14, 2026; (2) Plaintiffs' opposition to the Motion for Summary Judgment would be due on or before August 14, 2026; (3) Defendants' reply in further support of summary judgment would be due on or before September 4, 2026; and (4) Defendants' reply brief word limit would be increased from the 3,500 words permitted under Local Civil Rule 7.1(a) to 5,000 words.

Plaintiffs' counsel declined to agree to this schedule and instead counterproposed that: (a) the opposition to the Motion to Exclude (Daubert motion) be due September 18, 2026; and (b) the opposition to the Motion for Summary Judgment be due October 16, 2026.

Despite further conferral, the parties have been unable to resolve their disagreement. Defendants have therefore complied with the meet-and-confer requirements of Local Civil Rule 37.2 and the Court's Individual Practices and now bring this dispute to the Court for resolution.

## III. THE COMPETING PROPOSED SCHEDULES

The following table summarizes the parties' competing positions:

**Defendants' Proposed Schedule:**

- Plaintiffs' Opposition to Motion to Exclude (Daubert): August 14, 2026
- Plaintiffs' Opposition to Motion for Summary Judgment: August 14, 2026
- Defendants' Reply in Support of Summary Judgment: September 4, 2026
- Defendants' Reply Word Limit: 5,000 words (increased from 3,500)

**Plaintiffs' Counterproposal:**

- Plaintiffs' Opposition to Motion to Exclude (Daubert): September 18, 2026
- Plaintiffs' Opposition to Motion for Summary Judgment: October 16, 2026

Plaintiffs' counterproposal would delay the opposition to the Daubert motion by approximately five (5) additional weeks beyond Defendants' proposed date and would delay the opposition to summary judgment by approximately nine (9) additional weeks. Plaintiffs have not proposed a reply date or addressed Defendants' request for a modest increase in the reply word limit.

## IV. THE COURT SHOULD ADOPT DEFENDANTS' PROPOSED SCHEDULE

The Court should adopt Defendants' proposed schedule for the following reasons:

**First, this case has been pending for nearly six years.** The original Complaint was filed in November 2020. Further delay in resolving dispositive motions is unwarranted and prejudicial to Defendants, who are entitled to a timely adjudication of their summary judgment motion and Daubert challenge.

**Second, discovery has long since closed, and Plaintiffs have had ample time to prepare.** Fact discovery closed on December 29, 2025, and expert discovery closed on April 24, 2026—nearly four months before the proposed August 14, 2026, opposition deadline. Plaintiffs have had access to the complete record for months. The issues raised by Defendants' motions arise from that closed record and from an expert report that Plaintiffs themselves commissioned. There is no basis for Plaintiffs to require a response until mid-September or mid-October.

**Third, no new complexity justifies additional delay.** Defendants' motions were filed and served on June 25–26, 2026. Under Defendants' proposed schedule, Plaintiffs would have approximately seven weeks (49 days) to prepare their oppositions. That period is more than sufficient for experienced class-action counsel—a team of at least six attorneys across three firms—to respond to motions based on a record that has been closed for months. Plaintiffs' counterproposal of September 18 and October 16, 2026, would provide them approximately 12 and 16 weeks respectively, an extraordinary and unjustified extension that would push resolution of these dispositive motions well into the fall.

**Fourth, Defendants' proposal reasonably balances efficiency and fairness.** Defendants have proposed a single, consolidated deadline for both oppositions (August 14, 2026), which simplifies the schedule for all parties and the Court. Defendants have further offered to accept an increased reply word limit of 5,000 words—reflecting a willingness to ensure full briefing on the merits—while requesting a reasonable 21-day reply period.

**Fifth, the public interest in efficient resolution of class actions weighs in favor of Defendants' schedule.** The putative class members, no less than Defendants, are served by prompt adjudication of dispositive motions that may narrow or resolve the claims in this six-year-old case. Extended briefing delays serve no one's interest.

## V. RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court so-order the following briefing schedule:

1. Plaintiffs' opposition to the Motion to Exclude Plaintiffs' Expert Arthur Olsen: on or before August 14, 2026;
2. Plaintiffs' opposition to the Motion for Summary Judgment: on or before August 14, 2026;
3. Defendants' reply in further support of the Motion for Summary Judgment: on or before September 4, 2026; and
4. Defendants' reply brief word limit increased from 3,500 words to 5,000 words.

In the alternative, Defendants respectfully request that the Court schedule a telephone conference at its earliest convenience to resolve this scheduling dispute.

Respectfully submitted,

By */s/Joseph M. DeFazio*
Joseph M. DeFazio, Esq.

*Attorney for Defendants*

cc: Counsel of Record (by ECF Filing)