Lieff
Cabraser
Heimann&
Bernstein
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

September 18, 2026

Avery S. Halfon
Partner
ahalfon@lchb.com

**BY ECF**

Honorable Laura T. Swain, C.J.
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**RE:** ***Renois v. WVMF Funding, LLC.,***
**SDNY Case No. 20-cv-9281-LTS-DCF**

Dear Chief Judge Swain:

Plaintiffs today filed by ECF an Opposition to Defendants' Motion to Exclude Plaintiffs' Expert Arthur Olsen. *See* ECF No. 234. In support, Plaintiffs submitted a Declaration of Avery S. Halfon attaching the following exhibits that were either partially redacted as filed on ECF or wholly filed under seal because Defendants designated those exhibits, or the redacted portions of those exhibits, as "Confidential" under the Confidentiality Stipulation and Protective Order (ECF No. 105) entered in this action. As more fully described in the Declaration of Avery S. Halfon (ECF No. 234-1), the proposed sealed exhibits are:

- Ex. 3: Exhibit 13 to the deposition of Stuart D. Gurrea (filed wholly under seal)
- Ex. 4: Pages from the deposition transcript of Ryan LaRose (redacted)
- Ex. 5: Pages from the deposition transcript of Jorie Kelly (redacted)
- Ex. 10: Exhibit 3 to the deposition of Sean Mackie (filed wholly under seal)
- Ex. 11: Pages from the deposition transcript of Sean Mackie (redacted)
- Ex. 13: Exhibit 4 to the deposition of David Yahr (vol. II) (filed wholly under seal)

None of these exhibits were designated as Confidential by Plaintiffs.

In addition, Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Expert Arthur Olsen was redacted as filed on ECF to protect Defendants' Confidentiality designations.

Pursuant to Paragraph 9 of the Confidentiality Stipulation and Protective Order, Standing Order 2019-mc-00583, and this Court's Individual Practice Rule 5(b), Plaintiffs

request permission to file unredacted copies of the above-described exhibits and Plaintiffs' Opposition under seal. As directed by Individual Practice Rule 5(b)(ii), Plaintiffs have electronically filed under seal copies of the unredacted documents sought to be sealed, with the redacted text highlighted, and will be serving this letter motion and unredacted copies of the redacted exhibits and Opposition to Chambers using the listed email address.

By this letter motion, pursuant to the Court's Individual Practice Rule 5(b)(ii), Defendants are noticed that they have three days to file a letter explaining the need to seal or redact the above-described documents designated Confidential by them.

cc: Counsel of Record (by ECF Filing)

Respectfully yours,

Avery S. Halfon

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Roger N. Heller (*pro hac vice*)

**TUSA P.C.**
Joseph S. Tusa

**GISKAN SOLOTAROFF & ANDERSON P.C.**
Catherine E. Anderson
Oren Giskan

***Attorneys for Plaintiffs and Proposed Class Counsel***

**MEMO ENDORSED**

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: September 21, 2026**

Defendants are directed to submit a letter establishing why sealing is appropriate under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 11 (2d Cir. 2006), by **October 5, 2026**.