Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

troutman.com

troutman pepper locke

Joseph M. DeFazio
joseph.defazio@troutman.com

October 1, 2026

**VIA ECF**
Honorable Laura T. Swain,
Chief Judge United States District Court
for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**RE: Renois v. WVMF Funding, LLC, et al., Case No. 1:20-cv-09281-LTS-VF, Defendants' Letter Establishing the Basis for Sealing Pursuant to the Court's September 21, 2026 Order**

Dear Chief Judge Swain:

We write on behalf of Defendants WVMF Funding, LLC and Compu-Link Corporation d/b/a Celink ("Defendants") pursuant to the Court's September 21, 2026 Order (ECF No. 237). That Order directed Defendants to submit a letter establishing why sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), with respect to the exhibits identified in Plaintiffs' September 18, 2026 letter motion (ECF No. 235) and described in the accompanying Declaration of Avery S. Halfon (ECF No. 234-1, the "*Halfon Decl.*"). This letter is submitted in response to a specific Court directive rather than as a new request for relief, and accordingly the pre-motion consultation requirement of Individual Practice Rule A.1.b does not apply. Pursuant to Section 6 of the Southern District of New York Electronic Case Filing Rules and this Court's Individual Practice Rule 5(b)(ii), Defendants respectfully submit that the sealing and redactions described below are narrowly tailored to protect legitimate privacy and confidentiality interests, and that each is independently warranted for the reasons set forth herein.

**<u>Legal Standard</u>**

Courts evaluating a request to seal or redact must balance the presumption of public access to judicial documents against countervailing factors, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-20 (internal quotations omitted). Sealing is appropriate where a document is a "source of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). Documents containing personal or account specific financial information likewise raise significant privacy concerns that may independently justify sealing or redaction. *See Roche Freedman LLP v.*

*Cyrulnik*, No. 21cv01746, 2023 U.S. Dist. LEXIS 156510, at *3-4 (S.D.N.Y. Sept. 5, 2023). Courts in this District have consistently recognized that a party's interest in protecting confidential business information, including internal operational methodologies and proprietary systems, can outweigh the presumption of access where disclosure would harm the party's competitive position. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind*., 347 F. App'x 615, 617 (2d Cir. 2009); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011). Any sealing or redactions must, in all events, be narrowly tailored to serve the interest identified, consistent with Individual Practice Rule 5(a) and 5(b)(ii).

This Court has already applied these principles to substantially similar categories of Celink information in this very action, granting Defendants' prior letter response regarding sealing on that basis. (ECF No. 206.) Consistent with that ruling, Defendants' request here is limited to the minimum sealing and redactions necessary to protect two categories of legitimate, non-conclusory interests, first, the privacy of borrower specific account and financial information, and second, the confidentiality of Celink's proprietary internal servicing methodologies and systems. As the Halfon Declaration confirms, each of the exhibits addressed below was designated "Confidential" by Defendants pursuant to the Confidentiality Stipulation and Protective Order (ECF No. 105), and Plaintiffs filed each accordingly, either in redacted form or under seal, subject to Plaintiffs' letter motion. (*See Halfon Decl*. ¶¶ 5 to 7, 9 to 10, 12 to 13, 15.) Defendants do not, however, ask this Court to seal or redact any material solely on the basis of that designation. Rather, Defendants set forth below the specific, independent grounds supporting continued protection of each item, consistent with this letter's function as the designating party's justification required under Individual Practice Rule 5(b)(ii).

## I. Exhibit 13, Consisting of Exhibit 4 to the Yahr Deposition (Volume II), Should Remain Sealed in Full

Exhibit 13 to the Halfon Declaration consists of Exhibit 4 to the December 17, 2025 deposition of David Yahr (Volume II), comprising "Policy Detail" pages from Proctor Loan Protector's EasyTrack system specific to Plaintiff Myrteen Lee, produced by Proctor Loan Protector and bearing Bates stamps Celink-0168241 to 246 and 0168276 to 277. *Halfon Decl*. ¶ 15. As the Declaration confirms, Celink and Proctor Loan Protector designated this exhibit "Confidential" under the Protective Order, and Plaintiffs are filing it under seal on that basis. *Id.*

As this Court has already recognized, documents "containing personal information, such as ... account numbers and financial information may raise significant privacy concerns warranting sealing." (ECF No. 206 at 2 (citing *Roche Freedman*, 2023 U.S. Dist. LEXIS 156510, at *3-4).) Although Ms. Lee is a named Plaintiff, the account level detail reflected throughout this exhibit is not necessary to the public's understanding of the parties' *Daubert* dispute, and its disclosure would serve no legitimate public interest. Because the exhibit consists in its entirety of such account specific data, redaction would not adequately protect the underlying privacy interest, and the document should therefore remain sealed in full.

## II. Exhibit 3 (Exhibit 13 to the Gurrea Deposition) and Exhibit 10 (Exhibit 3 to the Mackie Deposition) Should Remain Sealed in Full

Exhibit 3 to the Halfon Declaration consists of Exhibit 13 to the Rule 45 deposition of Stuart D. Gurrea, Ph.D., produced by Defendants with the starting Bates number Celink-0004097 and designated confidential by Defendants. *Halfon Decl*. ¶ 5. Exhibit 10 consists of Exhibit 3 to the Rule 30(b)(1) deposition of Sean Mackie, produced with Bates number Celink-0021286 and likewise designated confidential by Defendants. *Id*. ¶ 12. Together, these exhibits reflect Celink's internal Standard Operating Procedures governing HUD and HERMIT reporting and Celink's proprietary transaction code taxonomy used to track loan servicing events. This information constitutes confidential business information regarding Defendants' internal operations. Its disclosure would furnish competitors, and potentially bad actors seeking to manipulate loan servicing records, with a roadmap to Celink's proprietary reporting and transaction classification systems. As this Court has already found in this action, Defendants have a legitimate interest in shielding such information from public disclosure, since doing so would harm Defendants' competitive position while serving no corresponding public interest in understanding the judicial process. (ECF No. 206 at 2-3 (citing *Standard Inv. Chartered*, 347 F. App'x at 617; *GoSMiLE*, 769 F. Supp. 2d at 649-50).) Because both exhibits consist entirely of this transaction code schedule and related internal procedural detail, they should remain sealed in full.

## III. Exhibit 4 (LaRose Deposition), Exhibit 5 (Kelly Deposition), and Exhibit 11 (Mackie Deposition) Warrant Only Narrow Redaction

Exhibit 4 to the Halfon Declaration consists of excerpts of the Court ordered deposition transcript of Ryan LaRose, Celink's Chief Client and Industry Relations Officer and former Chief Operations Officer and President, taken in the related action *Dancy-Wilkins v. Compu-Link Corp. d/b/a Celink*, E.D.N.Y. No. 22-cv-06208. Celink designated the testimony on pages 75 and 76 of that exhibit as confidential, and Plaintiffs accordingly filed a redacted version by ECF and an unredacted version under seal. *Halfon Decl*. ¶ 6. Exhibit 5 consists of excerpts of the Rule 30(b)(6) deposition of Jorie Kelly, Celink's designated corporate representative and Senior Vice President for Servicing Operations. Celink designated the testimony on pages 23, 59, 60, and 250 as confidential under the Protective Order, and Plaintiffs filed a redacted version by ECF with an unredacted version under seal. *Id*. ¶ 7. Exhibit 11 consists of excerpts of the Rule 30(b)(1) deposition of Sean Mackie, a Celink Senior Vice President. Celink designated the testimony on pages 35 and 101 as confidential under the Protective Order, and Plaintiffs filed a redacted version by ECF with an unredacted version under seal. *Id*. ¶ 13.

Each of these designated passages either discusses the same categories of proprietary servicing methodology addressed in Section II above, or references the account specific borrower data addressed in Section I above while illustrating Celink's general procedures. Consistent with the narrow tailoring that *Lugosch* requires, Defendants request that only these discrete, already

redacted passages remain confidential. The balance of each transcript, addressing Celink's procedures at a general level, can and should remain public.

## IV. Plaintiffs' Opposition Brief Requires Only Narrow, Corresponding Redaction

Defendants' proposed redactions to Plaintiffs' Opposition brief (ECF No. 234) are limited to those passages that quote or closely paraphrase the borrower specific account information and proprietary servicing methodology addressed in Sections I through III above, and drawn from the exhibits described in the Halfon Declaration. Defendants do not seek to redact any legal argument, case citation, or general characterization of the parties' respective positions regarding Mr. Olsen's expert opinions. Each of those portions of the brief should remain fully public. As with the exhibits above, Defendants confirm that the publicly filed version of the Opposition brief bears the proposed redactions, and that an unredacted version with those redactions highlighted has been filed under seal and electronically related to the underlying letter motion, in accordance with ECF Rule 6.8 and Individual Practice Rule 5(b)(ii).

## Conclusion

For the foregoing reasons, and consistent with this Court's prior ruling on substantially similar categories of information in this action (ECF No. 206), Defendants respectfully submit that full sealing of Exhibits 3, 10, and 13 to the Halfon Declaration, together with the narrowly tailored redactions to Exhibits 4, 5, and 11 and to Plaintiffs' Opposition brief, satisfies the standard set forth in *Lugosch*. Defendants respectfully request that the Court authorize their continued sealing and redactions.

A courtesy copy of this letter, together with unredacted copies of the referenced exhibits with all proposed redactions highlighted, is being emailed to Chambers contemporaneously herewith in accordance with Individual Practice Rule 5(b)(ii).

Respectfully submitted,

**TROUTMAN PEPPER LOCKE LLP**

/s/ Joseph M. DeFazio
Joseph M. DeFazio
Jason E. Manning
John C. Lynch (pro hac vice)
*Attorneys for Defendants WVMF Funding, LLC and Compu-Link Corporation d/b/a Celink*

cc: Counsel of Record (via ECF)

**MEMO ENDORSED**

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: October 5, 2026**

The motion to seal is **GRANTED**. Defendants have adequately explained why sealing is necessary to protect commercially sensitive information. The Clerk of Court is respectfully directed to close the motion at ECF No. 235.